IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, et al., | ) |
| Plaintiffs | ) |
| vs. | ) Civil Action No. 06-1154 |
| C/O GAGNON, et al., | ) Magistrate Judge |
| | ) Lisa Pupo Lenihan |
| Defendants | ) |
| | ) Re: Doc. No. 37 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.  RECOMMENDATION

It is respectfully recommended that the Request for Preliminary Injunction be denied.

### II.  REPORT

#### A.  Relevant Procedural History

Pending before the Court is a Request for Preliminary Injunction filed by Plaintiff. The motion asserts that the Defendants continue to harass the Plaintiff, deny him access to the courts, threaten him, and fabricate misconducts against him. It also asserts that Defendant Santi recently assaulted Plaintiff. The motion sets forth no facts in support of these allegations. In their response Defendants have supplied a laundry list of misconducts against Plaintiff, along with the information that Plaintiff did have to be restrained by Defendant Santi while

in the process of placing him in his cell. Based upon the lack of a factual basis in Plaintiff's motion, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction.

B. **Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).

2

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will

3

occur immediately. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

Plaintiff fails to show the irreparable harm necessary to justify extraordinary relief of a preliminary injunction. Plaintiff does not state any specific acts that have violated his rights or that will cause him further harm. Plaintiff does not specify an "irreparable injury" and "mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976). Plaintiff's bald and conclusory statements are insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v.

4

Armstrong, 520 U.S. at 972 (emphasis deleted).

For the foregoing reasons, Plaintiff's Request for Preliminary Injunction should be denied.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: November 10, 2008

cc:

**DEMETRIUS BAILEY**
CP-7819
SCI Greene
175 Progress Drive
Waynesburg, PA 15370