IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, et al., ) | |
| Plaintiffs ) | |
| ) | Civil Action No. 06-1154 |
| vs. ) | Magistrate Judge Lisa Pupo Lenihan |
| C/O GAGNON, et al., ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is a Request for Preliminary Injunctive Relief filed by Plaintiff Bailey on January 14, 2009 (doc. no. 42). In his Motion, Bailey asserts that on November 20, 2008, a Security Team from SCI-Greene entered his cell and confiscated or destroyed vital legal documents to his criminal and civil cases in retaliation for his filing grievances, complaints, and lawsuits against staff. Bailey demands that a preliminary injunction be issued for the return of his legal property and commissary and that he be institutionally separated from SCI-Greene. Defendants responded to the Motion on February 6, 2009.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847

1

F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction.[1] Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).

The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).[2] When considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote." Dice

---

1. These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). *Cf.* NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

2. *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

2

v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ." Acierno, 40 F.3d at 655 (citations omitted). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id.*

A request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).[3] When a prisoner requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators must be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441

---

3. *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

U.S. 520, 527 (1979).

In the case at bar, the Plaintiff's allegations fail to identify any immediate, irreparable injury that he will suffer if the Court denies his Motion that can not be compensated by money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law. He makes broad allegations but provides very little in the way of details in support of the allegations. The corrections officer whom he alleges threw his mail in the trash is not a defendant in this case. In addition, he asks that he be moved from SCI-Greene. Even if his allegations were proven and warranted such a drastic step, which the Court finds they do not, the Court is extremely reticent to become involved in the day to day management of the prison system by telling the Department of Corrections where to house its prisoners. For all of these reasons, Plaintiff has failed to meet the threshold for the granting of a preliminary injunction and this Motion for a Preliminary Injunction will be denied. An appropriate order follows.

**AND NOW**, this 8th day of April, 2009:

**IT IS HEREBY ORDERED** that Plaintiff Bailey's Motion for Injunctive Relief (doc. no. 42) is **DENIED**.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Demetrius Bailey
CP-7819
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Scott Drake

4

BV-8316
660 State Route 11
Hunlock, PA 18621-3136

Counsel of Record