IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY, | ) | |
| SCOTT DRAKE, | ) | |
| | ) | Civil Action No. 06-1154 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lenihan |
| C/O GAGON, C/O CROUCH, | ) | |
| C/O MORRIS, C/O SANTI, | ) | |
| C/O BIHENGER, C/O STEPHENS, | ) | |
| SGT. BARKFIELD, MARY | ) | |
| CONINO, SGT. ANDERSON, | ) | Doc. No. 61 |
| LT. KIRBY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The above-captioned case is presently before the Court on Defendants' Motion for

Summary Judgment (Doc. No. 61).  Defendants assert that Plaintiffs have failed to exhaust their

administrative remedies with respect to Plaintiffs' claims.


I.      RELEVANT FACTS

Plaintiffs, Demetrius Bailey ("Bailey") and Scott Drake ("Drake") are pro se prisoners

currently in the custody of the Pennsylvania Department of Corrections ("DOC").  Plaintiff

Bailey is presently incarcerated at the State Correctional Institution at Fayette; Plaintiff Drake is

incarcerated at the State Correctional Institution at Retreat.  Plaintiffs have brought the instant

action pursuant to 42 U.S.C. § 1983 against 12 individuals who, at all relevant times, were

employed by the DOC, regarding events alleged to have occurred in 2005 in the State

Correctional Institution at Greene ("SCI-Greene").  Their claims arise from facts and

circumstances surrounding their transfers to SCI-Greene from SCI-Graterford to participate in a trial relating to a previous civil rights action filed by Plaintiff Bailey.  Both Plaintiffs aver various civil rights violations while at SCI-Greene including, inter alia, retaliation, and assault.

According to the instant Complaint, the Plaintiffs filed three (3) grievances with regard to their claims: grievance number 138112; grievance number 144506; and grievance number 138224.   Bailey filed grievance number 138112 on December 9, 2005 at SCI Graterford.  On December 13, 2005, the grievance was rejected at Initial Review, and Bailey was told that he had to re-file the grievance by sending it to SCI-Greene[1].  This directive was consistent with the DOC-ADM 804 grievance procedure, which explicitly states that "[a] grievance must filed with the Facility Grievance Coordinator at the facility where the grievance occurred."  Bailey appealed this rejection to the Superintendent, who again told him that he needed to process his grievance through SCI-Greene.  Finally, Bailey appealed to Final Review, where his grievance was dismissed without consideration and he was again told that he was required to have "mailed [his] grievance to the Facility Grievance Coordinator at SCI-Greene."

As to grievance number 144506, Drake appears to have appealed the rejection of this grievance to Final Review.  Drake, however, failed to follow appropriate procedures. Specifically, in attempting to appeal his grievance to final review, Drake simply wrote a very vague letter stating that he was appealing the dismissal of grievance number 144506, which had been rejected because he did not file it at the institution where the complained-of conduct had

---

[1] In Plaintiff's Statement of Disputed Factual Issues (Doc. 67), Plaintiff states that he tried to file the grievance at SCI-Greene but Defendant C/O Gagnon threw it in the garbage. Assuming this is true, it does not excuse him from mailing the grievance from SCI-Graterford. In addition, the statement is not supported by any evidence or affidavit, and does not appear in Plaintiff's brief in opposition to the summary judgment motion.

occurred.  He failed to include any documentation in his letter to Final Review.  The Secretary's Office of Inmate Grievances and Appeals responded stating that Drake had failed to comply with DC-ADM 804 in that he did not include copies of his initial grievance, initial review, and lower-level appeals in his submission of the grievance to Final Review.  Drake was given 10 working days to in which to resubmit the grievance to Final Review along with the required documents so that his appeal could be considered.  Drake failed to re-submit his appeal.

Bailey filed grievance number 138224 at SCI-Graterford on December 9, 2005, in which he complained that he had been assaulted at SCI-Greene by defendants Gagnon, Neil, Cramer, and Anderson.  On December 14, 2005, Bailey was notified by the Grievance Coordinator at SCI-Greene that his grievance had been transferred to that facility and that additional time was therefore needed for a response.  A response was provided by SCI-Greene Intelligence Captain Kingston on December 22, 2005.  Captain Kingston denied Bailey's grievance on the merits, and not because it was filed at SCI-Graterford.  Bailey appealed Kingston's denial to the SCI-Graterford Superintendent.  The appeal was likewise forwarded to SCI-Greene for review to Superintendent Folino.  Superintendent Folino upheld Captain Kingston's determination and again denied Bailey's grievance.  Bailey never appealed this grievance to Final Review.


II.   <u>LEGAL STANDARD</u>

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment may be

granted against a party who fails to adduce facts sufficient to establish the existence of any

element essential to that party's case, and for which that party will bear the burden of proof at

trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial

burden of identifying evidence which demonstrates the absence of a genuine issue of material

fact; that is, the movant must show that the evidence of record is insufficient to carry the non-

movant's burden of proof.  Id.  Once that burden has been met, the nonmoving party must set

forth "specific facts showing that there is a genuine issue for trial" or the factual record will be

taken as presented by the moving party and judgment will be entered as a matter of law.

Matsushita Elec. Indus. Corp. v.Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R.

Civ. P. 56(e)) (emphasis added by Matsushita Court).  An issue is genuine only "if the evidence

is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v.

Liberty-Lobby, Inc., 477 U.S. 242, 248 (1986).  In Anderson, the United States Supreme Court

noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the
> evidence and determine the truth of the matter but to determine whether there is a
> genuine issue for trial.  . . .  [T]here is no issue for trial unless there is sufficient
> evidence favoring the nonmoving party for a jury to return a verdict for that party.
> If the evidence is merely colorable, or is not significantly probative, summary
> judgment may be granted.

Id. at 249-50 (internal citations omitted).  While any evidence used to support a motion for

summary judgment must be admissible, it is not necessary for it to be in admissible form.  See

Fed. R. Civ. P. 56 (e); Celotex Corp., 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc.,

909 F.2d 1524, 1542 (3d Cir. 1990).  The non-movant cannot rely solely on unsupported

assertions or conclusory allegations.  Anderson, 477 U.S. at 249.

Here, Defendants contend that they are entitled to summary judgment because Plaintiffs

have failed to exhaust their administrative remedies.  Plaintiff Bailey responds that grievance

number 138112 and 138224 should have been combined because they share a factual basis, and

number 138224 is merely a continuation of grievance number 138112; Bailey suggests that

grievance number 138112 was properly exhausted and therefore all his claims survive.  Bailey

also argues that the Declaration of Dorina Varner is biased because she is a Defendant in a

pending lawsuit filed by Plaintiff Bailey in the United States District Court for the Middle

District of Pennsylvania at Civil Action No. 07-2058.  Although the Court granted Plaintiff

Drake an extension in which to file his response, Drake has failed to respond to Defendants'

Motion for Summary Judgment.


III.    <u>ANALYSIS</u>

Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion

requirement provides as follows:

> (a)    Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a).  Before filing a civil action, a plaintiff-inmate must exhaust his

administrative remedies.  <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir. 2000), <u>cert. granted</u>, 531

U.S. 956 (2000), <u>aff'd</u>, 532 U.S. 731 (2001).  There is no"futility" exception to the

administrative exhaustion requirement.  <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 206 (3d Cir. 2002)

(citing <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .).  This is the functional equivalent of the procedural default requirement in the habeas context.  Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004).  While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial."  Id.; Nyhuis, 204 F.3d at 77-78.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) The initial grievance is submitted to the Facility Grievance Coordinator at the facility where the grievance occurred within 15 working days after the complained-of event.  The procedures also provide for extensions of time for filing if an inmate is transferred from the facility where the grievance should have been filed, if the inmate is on Authorized Temporary Absence (ATA), or other delays with mail delivery have occurred. (Doc. No. 61-2 at 7.)  Within 10 working days of receipt of the grievance by the Grievance Officer, the prisoner will be provided with a written response.  (2) An inmate has 10 working days from receipt of a denial of the Initial Grievance to appeal to the Facility Manager (the Superintendent).  (3) If a prisoner's grievance is again denied, he has 15 working days from receipt of the denial to appeal to Final Review with the Secretary's Office of Inmate Grievances and Appeals.  The procedural requirements of the DOC grievance process are clearly and comprehensively set forth in Administrative Directive DC-ADM 804 and given to every inmate.

Failure to exhaust is an affirmative defense under the PLRA that must be pleaded and

proven by the defendant.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).  Here, Defendants

have demonstrated that Plaintiffs have failed to exhaust their administrative remedies.

### Grievance Number 138112

Pursuant to grievance process, this grievance was properly rejected at Initial Review

because it was filed at SCI-Graterford, rather than SCI-Greene where the complained of conduct

occurred.  Plaintiff Bailey was informed in writing that he should direct the grievance to SCI-

Greene.  Bailey appealed to the Superintendent, who again told him that he needed to process the

grievance through SCI-Greene.  Bailey appealed to final review where he was specifically told

that pursuant to grievance procedures, he "should have mailed [his] grievance to the Facility

Grievance Coordinator at SCI-Greene.  It is not the SCI-Graterford Facility Grievance

Coordinator's responsibility to do so for you, nor is it required by policy."  Clearly, Plaintiff

Bailey failed to follow required procedures and consequently, has procedurally defaulted with

regard to the exhaustion of his administrative remedies for Grievance Number 138112.

### Grievance Number 144506

Defendant Drake appears to have filed this grievance with Initial Review, and appealed

to the Superintendent.  On March 19, 2005, Drake requested in writing that this grievance be

processed to Final Review.  Defendant informed Plaintiff Drake that it acknowledged his

grievance appeal, but that he needed to include copies of his initial grievance and lower level

appeals.  Plaintiff Drake was advised that he had 10 working days from receipt of the letter to

correct the problem by sending the appropriate documentation.  Plaintiff Drake never responded.

There is no record evidence as to why Drake did not submit the appropriate documentation;

similarly, he did not file a response to Defendants' Motion for Summary Judgment.

Consequently, because Plaintiff Drake failed to follow the procedural requirements of the grievance process, he procedurally defaulted with regard to the PLRA exhaustion requirement as to Grievance Number 144506.

### Grievance Number 138224

Plaintiff Bailey filed grievance number 138224 which was denied at Initial Review and appealed by Plaintiff Bailey to the Superintendent.  Bailey, however, never appealed this grievance to Final Review.  Plaintiff has come forward with no evidence as to why he did not take this final appeal.  Bailey has failed to exhaust his administrative remedies with regard to this grievance as well.

Consequently, Plaintiff Bailey's argument that Grievance Number 138224 is factually related to Grievance Number 138112 and therefore survives Defendants' Motion for Summary Judgment must necessarily fail; Bailey failed to exhaust his administrative remedies with regard to both grievances.  Further, documents of record support the facts set out in Dorina Varner's declaration, and consequently, the Court cannot discount its contents as urged by Plaintiff Bailey.

IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment must be granted as Plaintiffs Bailey and Drake have failed to exhaust their administrative remedies with regard to the grievances in issue.  An appropriate order follows.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

8

Dated: August 19, 2009

cc:

    All counsel of record
    Via electronic filing

    Demetrius Bailey
    CP-7819
    SCI Fayette
    Box 9999
    LaBelle, PA 15450-0999

    Scott Drake
    BV8316
    660 State Route 11
    Hunlock, PA 18621-3136